```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

**EDWARD SMITH**                                                **PLAINTIFF**

**VS.**                                       **CIVIL ACTION NO. 3:05-CV-580BN**

**NISSAN MOTOR CORPORATION AND**
**GRAY DANIELS, INC.**                                         **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Motion to Dismiss of Defendant Asbury MS Gray-Daniels, L.L.C. ("Asbury"). Having considered the Motion, to which Plaintiff Edward Smith failed to respond, the Court finds that the Motion is not well taken and should be denied.

Because of the simple background to the Motions before the Court, the facts of the case do not need to be fully developed. They are discussed where applicable in the analysis section *infra*.

### I. Analysis

Asbury asserts that Plaintiff attempted to serve process on Asbury by mailing a copy of a summons and complaint by certified mail to National Registered Agents, Inc. ("NRA"), the Mississippi registered agent for service of process of Asbury. Contending that such service by certified mail is insufficient under Rule 4 of the Federal Rules of Civil Procedure, Asbury moves for dismissal pursuant to Rule 12(b).

The Court agrees that such service on an in-state agent for service of process in insufficient. Presumably, Plaintiff attempted to serve Asbury pursuant to Rule 4(c)(5) of the Mississippi Rules of Civil Procedure.[1] Rule 4(c)(5) of the Mississippi Rules of Civil Procedure provides that "a summons may be served _on a person outside this state_ by sending a copy of the summons and the complaint to the person to be served by certified mail, return receipt requested." (Emphasis added). Because NRA, as the Mississippi registered agent for service of process of Asbury, is not a "person outside this state," the attempted service of process by Plaintiffs was clearly insufficient.

However, the Court is unwilling to grant the dismissal requested by Asbury. Plaintiff filed his Complaint on September 23, 2005. Thus, under Rule 4(m) of the Federal Rules of Civil Procedure, the time limit for service of process in this matter has not yet expired. When a defendant has been improperly served with process and "there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly," the better course of action is to quash the defective service of process rather than dismiss the defendant. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1354 (3d. ed.

---

[1] Under Rule 4(e) of the Federal Rules of Civil Procedure, a party may be properly served with process by any method allowed by "the law of state in which the district court is located." Therefore, the methods of service provided by Rule 4 of the Mississippi Rules of Civil Procedure are applicable in this action.

2004). Accordingly, the Court will deny the Motion to Dismiss of Asbury. However, the Court will quash Plaintiff's first attempted service of process on Asbury.

## II. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion to Dismiss of Defendant Asbury MS Gray-Daniels, L.L.C. [docket entry no. 2] is not well taken and is hereby dismissed.

IT IS FURTHER ORDERED that Plaintiff Edward Smith's attempted service of process of Defendant Asbury MS Gray-Daniels, L.L.C., by means of certified mail on National Registered Agents, Inc., is hereby quashed.

SO ORDERED this the 28th day of November, 2005.

s/ William H. Barbour, Jr.  
UNITED STATES DISTRICT JUDGE